UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------X
In Re
Robert Frusciante                    Case #05-13031 jf
Debtor.
-----------------------------X

**STIPULATION ~~AND ORDER~~ ~~TO~~ DISMISSING CASE WITH PREJUDICE AND WITHOUT DISCHARGE**

Debtor Robert Frusciante, by his undersigned attorney, Michael Adler, Esq. and Richard E. O'Connell, trustee in bankruptcy, enter into the following Stipulation on December 1, 2005.

**THE REASONS FOR THE STIPULATION**

1. Debtor commenced this case by the filing of a Petition under Chapter 7 of the Bankruptcy Code on March 8~~9~~, 2005. Debtor appeared for a scheduled first meeting of creditors on April 6, 2005. The debtor's first meeting of creditors has been continued from time to time, and is currently scheduled for December 8, 2005. Pursuant to a series of stipulations and orders, the last day to object to the debtor's discharge or to the discharge of any debt has been extended to December 6, 2005. By this stipulation, the debtor will agree to a further extension to the later of March 1, 2006, or ten days after the Court shall have declined to endorse an Order approving this Stipulation. ~~.~~

2. In his Petition, at Schedules A, the debtor scheduled an interest in residential real property at 34 Slayton Street, Staten Island, New York, which he characterized as "1/2 Owner of House/Fee Simple", and valued at $350,000, subject to scheduled secured claims totaling $608,854. The debtor testified at his §341(a) meeting that the scheduled value of $350,000 is the value of the entire house, and that the debtor owns the house as tenant by the entirety with his spouse. On July 13, 2005, secured creditor Deutsche Bank Trust Company America moved for relief from the automatic stay in order to proceed with a

foreclosure of the Slayton Street real property.  In its moving papers, the secured creditor alleged, and attached evidence, that the Slayton Street real property has a fair market value of not more than $325,000, and that its secured claim is not less than $329,934.37.  This Court entered an Order on August 10, 2005, granting the secured creditor's motion to lift the stay.  On the basis of the foregoing facts and circumstances, and taking into account the debtor's homestead exemption and the likely costs of seeking an Order under 11 U.S.C. §363(j) to sell the Slayton Street real property, the trustee has concluded that - without taking into account the $308,854 second mortgage held by the Small Business Administration - the estate has substantial negative equity in that real property.

  3.  The debtor, at schedule B, scheduled personal property including an interest in a closely held corporation that he characterized as "20% owner of Frusciante Baking Corp." and valued at $55,000.  It appears from the petition and from the debtor's testimony at his Section 341(a) meeting that Frusciante Baking Corp. is subject to substantial obligations, including a loan in the amount of $308,854 from the US Small Business Administration, which is secured by a second mortgage on the Slayton Street real property.   With the exception of miscellaneous exempt personalty, the debtor has no other personal property.  The debtor scheduled no current income, and represented on Schedule I of the petition that his wife's net monthly income of $5,980 constitutes his sole support.

  4.  The trustee believes that there may be grounds to assert that the debtor owns more than the 20 percent interest in Frusciante Baking Corp. that is scheduled in the petition.  For example, the debtor testified at his §341(a) meeting that, to the best of his knowledge, Frusciante Baking Corp. did not actually issue share certificates, and that the allocation of shares between himself and his cousin, who purportedly owns the remaining 80 percent of the

business, may not be evidenced in the records of the corporation.  In addition, it appears that the guaranty by the debtor of the SBA loan to the corporation might constitute sufficient consideration to support a claim by the estate to own not less than half of the corporation.  In addition, to the extent that it could be established that the debtor's share of the corporation exceeds the 20% scheduled in the petition, the trustee might have grounds to seek to deny the debtor's discharge.  The debtor disagrees with the trustee's conclusions regarding his potential rights to claim more than 20% of the corporation and to object to the debtor's discharge, and asserts that he has accurately completed the schedules and statements annexed to the petition.

    5.  In view of the foregoing facts and circumstances, the parties believe that it is in the best interests of the debtor and his creditors that the case be dismissed, pursuant to 11 U.S.C. §305(a)(1), without discharge and with prejudice for a period of two years.  The trustee has concluded that, even if it could be established that the debtor owns more than 20% of the corporation, it is doubtful that the corporation could be liquidated for an amount that, after litigation and administration expenses, would yield any benefits to the debtor's unsecured creditors.  The dismissal of the case without discharge and with two years prejudice will allow creditors of the debtor to take such action as they may choose in order to seek to reduce their claims to judgment and to execute against whatever property interests the debtor may have.  The debtor, for his part, does not want to have to incur legal expenses in connection with the trustee's possible litigation of the issues of his interest in the corporation and his entitlement to a discharge.

    6.  For all of the reasons set forth above, the parties have entered into the agreement that follows.

**THE PARTIES' AGREEMENT**

7.   Pursuant to 11 U.S.C. §305(a)(1), the debtor's case shall be dismissed without discharge and with prejudice against the debtor's refiling a case under Chapter 7 of the Bankruptcy Code, and against the conversion to Chapter 7 by the debtor of a case filed under any other Chapter of the Bankruptcy Code, for a period of two years after the entry of an Order dismissing this case.

8.   The trustee shall serve this Stipulation with Notice of Presentment upon all parties in interest.  Entry of an Order approving its terms shall constitute an Order dismissing the case without discharge and with prejudice as set forth in the preceding paragraph.

9.   By separate stipulation, the debtor has consented that the time within which objections may be filed to the discharge of the debtor or to the dischargeability of any debt shall be extended to the later of March 1, 2006, or ten days after the Court shall have declined to endorse an Order approving this Stipulation.

Dated:   December 1, 2005

          s/Richard E. O'Connell
          Richard E. O'Connell, Trustee
          24-44 Francis Lewis Boulevard
          Whitestone, New York 11357
          (718) 767-6400

          s/ Michael Adler
          Michael Adler, Esq. (MA 9422)
          Attorney for Debtor
          4060 Amboy Road
          Staten Island, NY 10308
          718-356-6300

So Ordered this 9th
    day of March, 2006, Brooklyn, New York

s/Jerome Feller
Jerome Feller
United States Bankruptcy Judge